# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBYN SMITH RODGERS, AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF FRANKIE EARL RODGERS, DECEASED. | * * * | |
| Plaintiff, | * | |
| v. | | Civil Action No.: 1:24-cv-482 |
| | * | |
| LOWE'S HOME CENTERS, LLC; YSAAC ALEJANDRO BARRIOS SANCHEZ; EDWARDO GUITERREZ; ET AL. | * * | Removed from Monroe County Circuit Court, CV-2024-900144 |
| Defendants. | * | |

## NOTICE OF REMOVAL

COMES NOW, the Defendant, Lowe's Home Centers, LLC, ("Lowe's) by and through Counsel, and give notice pursuant to 28 U.S.C. §§ 1441 and 1446 of the removal of this cause from the Circuit Court of Monroe County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division. As set forth below, this case is removable on diversity grounds pursuant to 28 U.S.C. § 1332.

Initially, Lowe's preserves any and all defenses to personal jurisdiction, service of process, insufficient service of process, failure to state a claim, and/or any other defenses available to Lowe's under Fed. R. Civ. P. 12(b) and does not in any way waive any such defenses in filing this removal. As grounds for removal, Scottsdale shows unto the Court the following:

## FACTS

1.      Plaintiff Robyn Smith Rodgers, as the Personal Representative of The Estate of Frankie Earl Rodgers commenced the above-referenced action, currently styled *Robyn Smith Rodgers, as the Personal Representative of The Estate of Frankie Earl Rodgers v. Lowe's Home Centers, LLC; Ysaac Alejandro Barrios Sanchez; Edwardo Guiterrez et al.* Civil Action No. CV-2024-900144 on November 7, 2024, in the Circuit Court of Monroe County, Alabama, for wrongful death and damages related to a motor vehicle accident. The Complaint has not been amended to name/identify additional parties. Pursuant to 28 U.S.C. Sec. 1446(a), copies of all pleadings, as well as copies of all process and other papers on file in the records of the state court action, which are within the possession, custody, and control of the Defendant are hereto as Exhibit 1.

2.      Service of the Summons and Complaint was accomplished upon Lowe's on November 25, 2024. See Exhibit 1 – Service Return from United States Postal Service. Accordingly, this Notice of Removal is timely filed within the timeframe specified by 28 U.S.C. § 1446(b). This Notice of Removal is timely because it is filed "within 30 days after the receipt by defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. Sec. 1446(b)(1). Accordingly, the prerequisites for removal pursuant to 28 U.S.C. Sec. 1441 have been met.

3.      Based upon information and belief, Defendant Ysaac Alejandro Barrios Sanchez was purportedly served with the Summons and Complaint on November 14, 2024. Exhibit 1, Service Return for Ysaac Alejandro Barrios Sanchez. Defendant Edwardo Guitterez was purportedly served with the Summons and Complaint on November 14, 2024. Exhibit 1, Service Return for Edwardo Guitterez. To date, these Defendants have not retained counsel.

4. Defendant files this Notice of Removal pursuant to 28 U.S.C. Secs. 1441 and 1446 and asserts federal court diversity of citizenship jurisdiction pursuant to 28 U.S.C. Sec. 1332. This action could have originally been brought in this Court pursuant to 28 U.S.C. Sec. 1332. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. Sec. 1332(a)(1), as complete diversity of citizenship exists between Plaintiff and Defendants, and the amount in controversy exceed $75,000, exclusive of interest and costs.

5. Under 28 U.S.C. Sec. 1441(a) venue is proper because the United States District Court for the Southern District of Alabama, Mobile Division, encompasses the geographic area of the Circuit Court of Monroe County.

6. Pursuant to 28 U.S.C. Sec. 1332(a)(1), complete diversity exists between the parties properly joined in this action. Defendant asserts, upon information and belief, that Plaintiff is a resident and domiciled citizen of the State of Alabama. Exhibit 2, Petition for Letters of Administration for the Estate of Frankie Earl Rodgers, Case No. 4601.

7. Defendant Lowe's Home Centers, LLC is a limited liability company and pursuant to Eleventh Circuit precedent, the citizenship of a limited liability company is determined by the citizenship of its members.

8. Lowe's Home Centers, LLC has a single member: Lowe's Companies, Inc.

9. A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c).

10. Lowe's Companies, Inc. is incorporated in the State of North Carolina and has its principal place of business in North Carolina.

11. Lowe's Companies, Inc. is therefore a citizen of North Carolina for purposes of federal diversity jurisdiction.

12. Defendant Ysaac Alejandro Barrios Sanchez is resident and domiciled citizen of Florida. (Exhibit 3, Affidavit of Ysaac Alejandro Barrios Sanchez).

13. Defendant Edward Guiterrez is a resident and domiciled citizen of Florida. (Exhibit 4, Affidavit of Edward Guiterrez).

14. The citizenship of fictitious Defendants named in Plaintiff's Complaint "shall be disregarded" in determining whether this civil action is removable based on diversity jurisdiction. 28 U.S.C. Sec 1441 (b)(1). Accordingly, complete diversity exists because the Plaintiff is an Alabama citizen and Defendants are citizens of North Carolina, and Florida.

15. All Defendants who are properly joined and purportedly served consent to the removal of this action. 28 U.S.C. 1446(b)(2)(A). Exhibit 3 Affidavit of Ysaac Alejandro Barrios Sanchez. Exhibit 4 Affidavit of Edward Guiterrez.

16. Promptly after the filing of this Notice of Removal, Lowe's is filing a copy with the Clerk of the Circuit Court of Monroe County, Alabama, (attached as Exhibit 5) (as required by 28 U.S.C. § 1446(d). See Exbibit 2, State Court Notice of Filing of Removal. Further, Defendant represents to this Court that copy of this Notice of Removal is also being served on counsel for the Plaintiff.

17. The amount in controversy exceeds $75,000 exclusive of interest and costs, both as facially apparent from the complaint itself and because of additional evidence submitted with this notice of removal.

18. "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy

exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 752 (11th Cir. 2010), quoting *Williams v. Best Buy Co., Inc*., 269 F.3d 1316, 1319 (11th Cir. 2001). "The law does not demand perfect knowledge or depend any less on reasonable inferences and deductions than we all do in everyday life." *Pretka* at 754. A removing defendant need only show that "the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

19. "When the complaint does not claim a specific amount of damages, removal from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. [ … ] If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Pretka* at 754 (internal citations and quotations omitted).

20. "The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard. Defendants may introduce their own affidavits, declarations, or other documentation--provided of course that removal is procedurally proper." *Pretka* at 755.

21. The complaint in this case does not state an amount plaintiff seeks to recover. The complaint, however, alleges that deceased Frankie Earl Rodgers was wrongfully killed as a result of Defendants' wantonness and negligence and demands all damages under the Alabama Wrongful Death Act. Exhibit 1, Complaint at ¶¶ 13, 15, 16. 19, 20, 25, 26, 27, 28 and the un-numbered ¶¶ containing the prayers for relief following paras. 16, 20, and 28.

22. The Complaint seeks unspecified punitive damages pursuant to Alabama's Wrongful Death Act. Under that Act, Plaintiff's recovery is limited to punitive damages, which

"are within the sound and honest discretion of the jury," *Dees v. Gilley,* 339 So.2d 1000, 1002 (Ala. 1976); *see* Ala. Code § 6-5-410 (1975). The trier of fact should award damages based upon "the gravity of the wrong done, the propriety of punishing the wrongdoer, and the need to deter similar wrongs in order to preserve human life." *Estes Health Care Centers, Inc. v. Bannerman,* 411 So. 2d 109, 113 (Ala. 1982).

23. The Eleventh Circuit has embraced a "common sense approach to deciding a jurisdiction challenge concerning the amount in controversy," which is "especially useful in cases brought under Alabama's Wrongful Death Act." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010). In determining whether a wrongful death claim under Alabama law satisfies the amount-in-controversy requirements, the district court should "rely[] on its judicial experience and common sense . . . and need not give credence to a plaintiff's representation that the value of a claim is indeterminate." *Id.*

24. "[A] district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount.'" *See Pretka* at 770 (quoting *Roe v. Michelin N. Am., Inc.,* 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009)). "Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061–62 (11th Cir. 2010).

25. Inasmuch as Plaintiff seeks wrongful death damages in this action, this court, relying on its "judicial experience and common sense" must determine that, more likely than not, the $75,000 amount-in-controversy requirement is satisfied. *See Roe*, 613 F.3d at 1064 (holding Alabama wrongful death claim against tire manufacturer based upon its knowing sale of unreasonably dangerous tires satisfied $75,000 amount-in-controversy requirement); *Nelson v.*

*Whirlpool Corp.*, 668 F. Supp. 2d 1368, 1374 (S.D. Ala. 2009) ("The complaint alleges that the defendants wantonly took human life. Given that Alabama law views every human life as precious and requires juries to consider the finality of its premature destruction in assessing damages, the Court concludes that it is readily deducible from the complaint that the amount in controversy exceeds $75,000.").

26. Because the Plaintiff alleges here that the Defendants wantonly took the deceased's life, it is readily deducible from the Complaint that the amount in controversy exceeds $75,000. *Nelson v. Whirlpool Corp.*, 668 F. Supp 2d 1368, 1374-1376, 2009 U.S. Dist. LEXIS 106640 (S.D. Ala. 2009); *see also Ward v. UOP, LLC*, 2010 U.S. Dist. LEXIS 21532 *14-17 (S.D. Ala. Mar. 9, 2010) (Court held that amount in controversy was readily apparent from a complaint for wrongful death alleging wanton conduct).

27. Further, the Plaintiff's Complaint alleges that Defendants wantonly operated a motor vehicle by: "(a) Failing to comply with Alabama's Rules of the Road; (b) Failing to exercise due care under the conditions; (c) Failing to keep a proper lookout; (d) Being distracted and not paying proper attention; (e) Failing to see what was there to be seen; (f) Failing to comply with Code of Alabama Section 32-5A-111; and (g) Violated other rules and regulations yet to be discovered in the course of this case." Plaintiff's aforementioned specific allegations of wantonness clearly establish that the amount in controversy is apparent from the Complaint.

28. If any questions arise as to the propriety of the removal of this action, the defendant requests the opportunity to present a brief and oral argument to show that the case is removable.

WHEREFORE, Defendant Lowe's Home Centers, LLC pray that this Court would take cognizance and jurisdiction of this cause and make any and all orders necessary to effect the

removal of this cause from the Circuit Court of Monroe County, Alabama, to the U.S. District Court for the Southern District of Alabama, Southern Division.

Respectfully submitted on this 23rd day of December 2024.

Respectfully submitted,

 /s/ *Keith S. Rivers*                              .
KEITH S. RIVERS
*Attorney for Defendant*
*Lowe's Home Centers, LLC*

**OF COUNSEL:**
CARR ALLISON
6251 Monroe Street, Suite 200
Daphne, AL 36526
Telephone:	(251) 626-9340
Facsimile:	(251) 626-8928
krivers@carrallison.com

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on the 23rd day of December, 2024, electronically filed the foregoing with the Clerk of the Court using the CM/E system CF and/or U.S. Mail system which will send notification of such filing to all parties listed below:

Jack Smalley, III
Earle W. Long, IV
N. Staples Wood
Long & Long
3600 Springhill Memorial Drive N.
Mobile, AL 36608

/s/ *Keith S. Rivers*
OF COUNSEL